NOEL L. HILLMAN
Chief, Public Integrity Section
JOHN W. SCOTT
Senior Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20530
Telephone: (202) 514-0885
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

CR05 962TUC CJK -CRP -35

| | |
|---|---|
| United States of America, | PLEA AGREEMENT |
| Plaintiff, | CR |
| v. | (Mag No.         ) |
| JARED A. WRIGHT, | Violation: 18 U.S.C. § 371 |
| Defendant. | (Conspiracy) |

The United States of America and the defendant, JARED A. WRIGHT ("WRIGHT"), agree to the following disposition of this matter pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

## PLEA

The defendant agrees to plead guilty to an Information charging the defendant with a violation of Title 18, United States Code, Section 371, Conspiracy to Commit Bribery of a Public Official and Interference with Commerce by Extortion.

## ELEMENTS OF THE OFFENSE

The essential elements of Conspiracy to Commit Bribery of a Public Official are that: (1) the defendant, a public official, agreed with at least one other person to demand, seek, receive, accept, and agree to accept something of value for being influenced in the performance of an official act; (2) the defendant joined the conspiracy knowing of its objects and intending to help

accomplish them; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. The essential elements of Conspiracy to Commit Interference with Commerce by Extortion are (1) the defendant agreed with at least one other person to commit extortion as defined by Title 18, United States Code, Section 1951; (2) the defendant joined the conspiracy knowing of its objects and intending to help accomplish them; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

## TERMS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

1.  Maximum Penalties.

    a.  A violation of Title 18, United States Code, Section 371 is punishable by a maximum sentence of five (5) years imprisonment, a maximum fine of up to $250,000, or both, and a term of supervised release of three (3) years.

    b.  The Court will consider at time of sentencing the application of the Sentencing Guidelines ("Guidelines") issued pursuant to the Sentencing Reform Act of 1984, although the Guidelines are only advisory in nature. The government and the defendant understand and agree that the applicable offense section for establishing the base offense level is 2C1.1(c)(1), which provides that when, as here, the offense was committed for the purpose of facilitating the commission of another offense, namely, the unlawful trafficking of cocaine (including possession with the intent to commit trafficking of cocaine), the Court will apply offense section 2D1.1 because it will result in a greater offense level. ~~Neither the government nor the defendant shall move for a departure from the applicable sentencing guideline range.~~ The Court shall also:

        (1) Order the defendant to make restitution to any victim of the offense; and

        (2) Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611

1 and Section 5E1.2(f) of the Guidelines, the defendant establishes the applicability of the exceptions found therein.

c. Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on the defendant of $100.00 per felony count. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. <u>Cooperation Required</u>. The defendant will cooperate with the United States on the following terms and conditions.

a. Defendant shall waive the Fifth Amendment privilege against self-incrimination and shall provide truthful information in any and all interviews given to representatives of the United States Government, and shall testify completely and truthfully at any time and any place requested by the United States, including at any state or federal grand jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, civil and criminal trial, retrial or post-trial hearing. The defendant agrees to answer all questions on direct, cross-examination and redirect examination truthfully and completely.

b. All such information and testimony shall be truthful, honest, candid, and complete with no knowing material false statements or omissions. Such information and testimony shall include all criminal activity known to the defendant.

c. Defendant shall be available for interviews by attorneys and law enforcement officers from the government upon request and reasonable notice.

d. Defendant shall provide the United States with all documents, records, memoranda and the like, at the request of the United States, within the defendant's custody and control or to which the defendant has access which are related to the subject matter of the investigation or case.

e. Defendant shall neither attempt to protect any person or entity through false information or omissions nor falsely implicate any person or entity.

f. Defendant agrees to notify the Department of Justice of any contacts with any co-

1 defendants or subjects or targets of the investigation, or their counsel, and agrees to provide prior
2 notice of, and an opportunity for the government to be present at, any interviews between the
3 defendant and any individual not employed by the government regarding any matter related to this
4 case or any other investigation.

5      g.  Nothing in this agreement requires the United States to accept any cooperation or
6 assistance the defendant may choose to proffer. The decision whether and how to use any
7 information and/or cooperation that defendant provides is in the exclusive reasonable discretion
8 of the Department of Justice.

9      h.  Defendant shall not violate any local, state, federal or foreign laws.

10      I.  The defendant shall also provide all information concerning all forfeitable assets.
11 Moreover, defendant shall identify all assets subject to forfeiture and shall transfer such property
12 to the United States by delivery, to law enforcement agents designated by this office, of all
13 necessary and appropriate items and documents under defendants custody and control before the
14 sentencing date.

15      j.  Defendant shall not knowingly contact any person who has been criminally charged
16 in any forum, except any family members of the defendant regarding innocent family matters,
17 without prior approval of the government through its agents.

18      k.  Self-incriminating information provided by the defendant during cooperation involving
19 criminal activity, other than conduct involving the death of another, for which the defendant has
20 not been or will not be charged pursuant to this agreement will not be used against the defendant
21 and in particular will not be used in determining defendant's applicable guideline range pursuant
22 to Section 1B1.8 of the Guidelines.

23      l.  Nothing shall limit the United States' methods of verifying the truthfulness of
24 defendant's statements. The United States may confirm the accuracy of any information which
25 defendant provides under the terms of this agreement by use of any investigative means which it
26 deems appropriate and necessary. Whether there has been a complete, truthful and candid

1  disclosure by the defendant, shall be evaluated and decided solely by the Department of Justice.

2  　　　m.  It is the intention of the parties that the period of cooperation shall extend through the
3  defendant's period of incarceration and subsequent supervised release, if any.

4  3.　　Agreements Regarding Sentencing.

5  　　　a.  If the defendant cooperates truthfully and completely with the government, including
6  being debriefed and providing truthful testimony, at any proceeding resulting from or related to the
7  defendant's cooperation, the United States will make the extent of his cooperation known to the
8  Court. If the cooperation is completed prior to sentencing, the United States agrees to consider in
9  its sole discretion whether such cooperation qualifies as "substantial assistance" pursuant to Title
10 18, United States Code, Section 3553(e) and/or Guidelines Section 5K1.1 warranting the filing of
11 a motion at the time of sentencing recommending a downward departure from the applicable
12 guideline range. If the cooperation is completed subsequent to sentencing, the government agrees
13 to consider in its sole discretion whether such cooperation qualifies as "substantial assistance"
14 pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion
15 for reduction of sentence within one year of the imposition of sentence. Defendant understands that
16 while the Court may take the defendant's cooperation into account in determining the sentence to
17 be imposed, the Court is neither a party to nor bound by this agreement and specifically the Court
18 has complete discretion to impose the maximum sentence possible for the crime to which defendant
19 has plead. Defendant further understands that if the Court imposes a sentence different from what
20 the United States recommends, the defendant will not be permitted to withdraw his guilty plea.

21 4.　　Breach of the Agreement.　　If the defendant fails to comply with any obligation or
22 promise pursuant to this agreement, the United States:

23 　　　a.  May, in its sole discretion, declare any provision of this agreement null and void in
24 accordance with paragraph (6) below and the defendant understands that the defendant shall not
25 be permitted to withdraw the plea of guilty made in connection with this agreement;

26

      b.    May prosecute the defendant for any offense known to the United States for which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement; and

      c.    May use in any prosecution any information, statements, documents, and evidence provided by defendant, both before and after the plea agreement to include derivative evidence.

5.    <u>Waiver of Defenses and Appeal Rights</u>.  Defendant hereby waives any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement.

6.    <u>Perjury and Other False Statement Offenses or Other Offenses</u>.  Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

7.    <u>Re-institution of Prosecution</u>.  If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated.  In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(e)(6).

8.    <u>Disclosure of Information to U.S. Probation Office</u>.

      a.    Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

    b.    The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

    (1)    All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    (2)    All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    (3)    All history of drug abuse which would warrant a treatment condition as part of sentencing.

    (4)    All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

9.    <u>Forfeiture, Civil, and Administrative Proceedings</u>.

    a.    Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

    b.    Defendant will identify all assets and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in this indictment. Defendant will testify truthfully in any civil forfeiture proceeding.

    c.    Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

### FACTUAL BASIS

The United States and the defendant stipulate and agree to the following:

At all times relevant to the information, WRIGHT was a Sergeant in the United States Marine Corps (USMC).

From in or about January 2002, and continuing at least through in or about December 2003, in the District of Arizona and elsewhere, WRIGHT and other public officials including other

1  members of various branches of the United States military, members of the Arizona Army National
2  Guard, police officers, corrections officers and employees of various federal departments and
3  agencies, agreed to enrich themselves by obtaining money from persons they believed to be
4  narcotics traffickers ("the narcotics traffickers"), but who were in fact Special Agents of the FBI,
5  in return for the defendant and his co-conspirators using their official positions to assist, protect
6  and participate in the activities of what they believed was an illegal narcotics trafficking
7  organization ("Organization") engaged in the business of transporting and distributing cocaine and
8  other drugs from Arizona to other locations in the southwestern United States.

9  In or about December 2002, WRIGHT told an individual who he believed to be a member
10 of the Organization that he had been involved in narcotics trafficking in the past and desired to
11 transport narcotics for the Organization. WRIGHT then offered to transport narcotics for the
12 Organization.

13 On or about February 13, 2003, WRIGHT and four (4) other public officials transported a
14 total of 30 kilograms of cocaine for the Organization from Tucson, Arizona to Phoenix, Arizona.
15 In order to protect the cocaine from police stops, searches, and seizures, WRIGHT and the other
16 public officials wore their official uniforms, carried their official forms of identification, and
17 transported the cocaine in official vehicles. Thereafter, WRIGHT accepted $3,000 in cash from
18 the narcotics traffickers in return for using his official position to facilitate the activities of the
19 organization.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

21 I have read each of the provisions of the entire plea agreement with the assistance of
22 counsel and understand its provisions.

23 I have discussed the case and my constitutional and other rights with my attorney. I
24 understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to
25 trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present
26 evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my

1  privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed
2  innocent until proven guilty beyond a reasonable doubt.

3  I agree to enter my guilty plea as indicated above on the terms and conditions set forth in
4  this agreement.

5  I have been advised by my attorney of the nature of the charges to which I am entering my
6  guilty plea. I have further been advised by my attorney of the nature and range of the possible
7  sentence and that although the Guidelines are only advisory in nature, my ultimate sentence may
8  be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of
9  1984. I understand that the Guideline range discussed with my attorney is not binding on the Court
10 and is merely an estimate. I further understand that under certain limited circumstances the Court
11 may depart upward or downward from the calculated guideline range.

12 My guilty plea is not the result of force, threats, assurances or promises other than the
13 promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act
14 on my part, rather than at the direction of or because of the recommendation of any other person,
15 and I agree to be bound according to its provisions.

16 I fully understand that, if I am granted probation or placed on supervised release by the
17 Court, the terms and conditions of such probation/supervised release are subject to modification at
18 any time. I further understand that, if I violate any of the conditions of my probation/supervised
19 release, my probation/supervised release may be revoked and upon such revocation, notwithstanding
20 any other provision of this agreement, I may be required to serve a term of imprisonment or my
21 sentence may otherwise be altered.

22 I agree that this written plea agreement contains all the terms and conditions of my plea and
23 that promises made by anyone (including my attorney), and specifically any predictions as to the
24 guideline range applicable, that are not contained within this <u>written</u> plea agreement are without
25 force and effect and are null and void.

26

1  I am satisfied that my defense attorney has represented me in a competent manner.

2  I am fully capable of understanding the terms and conditions of this plea agreement. I am
3  not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant,
4  which would impair my ability to fully understand the terms and conditions of this plea agreement.

6  051014
   Date                                           JARED A. WRIGHT
7                                                 Defendant

9  <u>DEFENSE ATTORNEY'S APPROVAL</u>

10  I have discussed this case and the plea agreement with my client, in detail and have advised
11  the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other
12  rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will
13  be entered, possible defenses, and the consequences of the guilty plea including the maximum
14  statutory sentence possible. I have further discussed the sentencing guideline concept with the
15  defendant. No assurances, promises, or representations have been given to me or to the defendant
16  by the United States or by any of its representatives which are not contained in this written
17  agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set
18  forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to
19  ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

21  10/14/05
    Date
22                                                 Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

NOEL L. HILLMAN
Chief, Public Integrity Section

By:

Nov. 16, 2005
Date

JOHN W. SCOTT
Senior Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice